Benedict D. Dineen, J.
Petitioner moves for an order to review and annul an order of the State Rent Administrator pursuant to article 78 of the Civil Practice Act. The premises in question are classified as a residential apartment hotel consisting of 114 residential apartments 69 of which are decontrolled and the remainder subject to rent control. Petitioner sought to dispense with so-called switchboard service on the ground that there was little need of it by the tenants and was being operated by the landlord at a substantial loss of money. The landlord offered to replace such switchboard service by installing other services and making allowance to some tenants for expenses. The tenants affected vigorously oppose the substitution on the ground that the switchboard service is the very essence of hotel life. Besides the switchboard furnishing a convenience for telephone calls it supplies many other conveniences relied upon by persons occupying rooms in a hotel. It is a place to leave messages, parcels and in this particular instance forms a means of internal security and protection. The claim of the landlord that a $15,000 loss is sustained by continuing such service is most fantastic and not substantiated by any facts or figures. This case is to be distinguished from Matter of Willey v. Abrams (141 N. Y. S. 2d 643) where the premises in question involved an apartment house where the switchboard cannot be said to occupy such an important place *389 as it does in an apartment hotel. Services tendered by the landlord in lieu of the switchboard cannot be deemed as suitable substitutes for the many services performed by reason of the switchboard and which services must be considered as an integral part of hotel life. Upon the record it cannot be said that the action of the respondent was either arbitrary, capricious or unreasonable. Petition dismissed.